IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAULA B. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3023 |
| | ) | |
| JESSE WHITE et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Motions to Dismiss filed by: (1) Defendants Jim Copeland and Glenn Tuxhorn (d/e 52); (2) Jesse White, Mike Pippen, Ellen Staab, and Brice Hager (d/e 55); and (3) John Schmidt and Gray Noll (d/e 66) (collectively the Moving Defendants).  Plaintiff Paula Mitchell alleges several violations of her constitutional rights in a series of events related to two automobile traffic stops.  Amended Complaint (d/e 45).  For the reasons set forth below, the Motions to Dismiss filed by Defendants Staab, Copeland, and Tuxhorn are ALLOWED in part and DENIED in part, and the Motions to Dismiss filed by Defendants White, Pippen, Hager, Schmidt and Noll are ALLOWED.

Mitchell alleges sufficient facts to state a claim of use of excessive force against Staab. She also states claims against Staab, Copeland, and Tuxhorn for making false reports to Mitchell's employer, the Illinois Department of Revenue (IDR). Her claim against Defendant Hager is barred by the statute of limitations. She also fails to state a claim against Defendants White, Pippen, Noll, and Schmidt. Defendants Schmidt and Noll are also immune from claims arising from their acts as prosecutors.

## STATEMENT OF FACTS

For purposes of the Motions, the Court must accept as true all of Mitchell's well-pleaded factual allegations and draw all inferences in the light most favorable to her. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court, however, is not obligated to give any weight to unsupported conclusions of law. R.J.R. Services, Inc. v. Aetna Cas. and Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989). The Court further may take judicial notice of matters of public record, such as the court files of state criminal proceedings. Palay v. United States, 349 F.3d 418, 425, n.1 (7th Cir. 2003). The Motions should not be allowed unless it appears beyond doubt that Mitchell can prove no set of facts that would entitle her

to relief. <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996).

Mitchell's claims are based on two traffic stops. The first occurred on Veteran's Day, November 11, 2003. Mitchell alleges that Defendant Hager, an Illinois State Police Officer, stopped her without probable cause, and then committed other constitutional violations.

The remaining claims are based on the second traffic stop that occurred on July 1, 2005. On that date, Defendant Ellen Staab, an Illinois Secretary of State Police Officer, stopped Mitchell because the license registration sticker on her vehicle had expired at the end of June 2005. A physical altercation ensued between Mitchell and Staab. Mitchell alleges that Staab initiated the altercation by harassing Mitchell verbally and then violently grabbing and pulling Mitchell. Mitchell alleges that she suffered permanent injuries as a result of the force Staab used to grab her and pull her. During the altercation, Illinois State Police officers, Defendants Copeland and Tuxhorn, arrived at the scene. Mitchell does not allege any use of excessive force by either Copeland or Tuxhorn.

Mitchell was arrested and charged with obstruction of justice, resisting arrest, and battery. Mitchell alleges that Staab, Copeland, and Tuxhorn falsely reported that Mitchell kicked Staab. A video recording was made of

3

the incident by the officers. Mitchell alleges that the video recording was altered to indicate falsely that Mitchell kicked Staab.

Mitchell was subsequently released on bond. She alleges that while she was out on bond, Staab, Copeland, and Tuxhorn made false reports to Mitchell's employer, the IDR. Mitchell alleges that Staab, Copeland, and Tuxhorn falsely reported to the IDR that Mitchell threatened to tamper with the officers' state tax returns. Mitchell denies that she made any such threats.

Noll was the Assistant States Attorney prosecuting the charges against Mitchell based on the July 1, 2005, incident. Mitchell alleges that Noll acted improperly and that Defendant Sangamon County States Attorney John Schmidt failed to properly supervise Noll. Mitchell alleges that Noll brought the case based on false statements by the officers and the altered video recording. Mitchell alleges that Noll was overzealous in his prosecutorial efforts and should have done more to find the truth. She also alleges that Noll and Schmidt were only interested in winning and not in getting to the truth.

Mitchell was represented by counsel in the criminal case. Mitchell eventually pleaded guilty to a misdemeanor charge of battery for kicking

4

Staab. She was ordered to serve a term of two years probation, perform 40 hours of community service, and pay $3,119.85 in medical bills incurred by Staab as a result of the July 1, 2005, incident.[1]  Memorandum of Law in Support of Motion to Dismiss of Defendants John Schmidt, Gray Noll, Joe Aiello and John Moore (d/e 21), Exhibit 1, certified copy of record of People v. Mitchell, Sangamon County, Illinois, Circuit Court No. 2005 CF 001022, Docket Entries dated January 27, 2006.  She alleges that Noll also required her to write letters of apology to Staab and Copeland.

Defendant Jesse White is the Illinois Secretary of State, and Defendant Mike Pippen was a Captain in the Secretary of State Police Department.  Mitchell alleges that White and Pippen failed to train and supervise Staab properly, and thus, were responsible for the wrongful actions by Staab and the others involved.  She also alleges that she filed complaints against Staab with the Secretary of State's Office, but Defendants White and Pippen refused to investigate her complaints or take any action against Staab.

---

[1] Mitchell was required to reimburse the state workers compensation fund that had paid Staab's medical bills.

Mitchell brought this action on January 22, 2007.[2] She named the Moving Defendants and several additional Defendants. The additional Defendants have not moved to dismiss the claims against them, so the Court has not detailed the allegations against those Defendants in this Opinion.[3] The Moving Defendants now seek dismissal of the claims against them.

## ANALYSIS

A.   Staab, Copeland, and Tuxhorn

The test for whether an officer used excessive force is whether, based on the totality of the circumstances, the officer used greater force than was reasonably necessary to make the arrest. Payne v. Pauley, 337 F.3d 767, 778 (7th Cir. 2003). In this case, Mitchell alleges that Staab grabbed and pulled her so hard that she suffered permanent injuries as a result. These allegations are sufficient to state a claim that Staab used force greater than

---

[2] Mitchell filed an unsigned copy of her original Complaint on that date. She filed the signed copy of her original Complaint on February 5, 2007.

[3] Defendant Joseph Aiello was dismissed from the case by Mitchell. Aiello is the County Clerk for Sangamon County, Illinois. Mitchell named him as a Defendant by mistake. She voluntarily dismissed the claims against him.

6

was necessary to effectuate the arrest.[4]  Staab argues that Mitchell alleged facts that show no excessive force was used.  However, Mitchell alleges that Staab used enough force to cause permanent injuries.  These allegations, when viewed in favor of Mitchell, could support a finding that excessive force was used.

Staab also argues that she is entitled to qualified immunity. Qualified immunity is an affirmative defense available if the law did not clearly establish, at the time of the incident, that the defendants' conduct violated the Constitution.  See Brosseau v. Haugen, 543 U.S. 194, 198 (2004). Mitchell alleges that Staab, without provocation, grabbed and pulled Mitchell with enough force to cause permanent injuries to Mitchell.  The law was clearly established in July 2005, that using force without provocation that causes permanent injuries can constitute excessive force. See Payne, 337 F.3d at 779, and cases cited therein. The allegations, if true, thus, may overcome the defense of qualified immunity. Mitchell, therefore, states a claim for use of excessive force against Staab.

---

[4]Mitchell admitted in her plea that she kicked Staab, but Mitchell alleges that Staab used excessive force at the beginning of the physical altercation between them.  If true, the subsequent use of force by Mitchell would not justify Staab's initial use of excessive force.

Mitchell also alleges that she was arrested without probable cause. She alleges that Staab, Copeland, and Tuxhorn lied, and that they (or someone) altered the video recording of the incident. These allegations fail to state a claim because Mitchell pleaded guilty to the battery charge. First, Mitchell alleges that her license plate had expired the day before the July 1, 2005, stop; thus, the initial traffic stop was valid. Second, by pleading guilty, she admitted that she had committed the battery; that admission cures any concerns regarding whether the officers had probable cause to arrest her after the traffic stop. See Currier v. Baldridge, 914 F.2d 993, 996 (7th Cir. 1990).

Mitchell, however, disputes the validity of her conviction; she claims that the Defendants used lies and an altered video to prosecute her, and she claims that her guilty plea was made under duress. If true, Mitchell must first get her conviction invalidated before bringing this action. Mitchell cannot bring a federal civil rights action based on a wrongful state conviction unless the conviction is first: (1) reversed on direct appeal by the state appellate court; (2) expunged by executive order of the governor of the state; or (3) otherwise declared invalid by a state tribunal with proper

authority to do so. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[5] She has not alleged that any of these actions have been taken to invalidate her conviction. Therefore, she cannot, at this time, bring a civil rights action that challenges the validity of her state conviction or the basis of the conviction. Id. These claims are dismissed.

Mitchell, however, states an additional claim against Staab, Copeland, and Tuxhorn based on the alleged false reports made to Mitchell's employer, the IDR. The false reports may constitute a state law claim for defamation. See Krasinski v. United Parcel Service, Inc., 124 Ill.2d 483, 490, 530 N.E.2d 468, 471 (1988). This Court has supplemental jurisdiction to hear this claim since it is sufficiently related to the excessive force claim against Staab. 28 U.S.C. § 1367(a). Mitchell states a claim against Staab, Copeland, and Tuxhorn based on the alleged false reports to the IDR.

B.   Hager

Mitchell's claim against Hager is barred by the statute of limitations. Mitchell claims Hager illegally stopped her on Veteran's Day, 2003.

---

[5]If Mitchell were in custody, she could also attempt to secure a writ of habeas corpus from federal court that would call the state conviction into question. Heck, 512 U.S. at 486-87. Because she is not in custody, however, habeas relief is not available in this case. 28 U.S.C. §§ 2241, 2254. She, thus, must first get an appropriate state authority to invalidate her conviction before she can proceed with this claim.

9

Mitchell did not file this action until January 2007. The statute of limitations for federal civil rights claims is two years. Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004). Mitchell waited too long to bring this claim. The claim is dismissed.

C.   Noll and Schmidt

Mitchell alleges that Noll and Schmidt violated her constitutional right to due process by recklessly prosecuting her based on false evidence. There are several problems with this claim. First, she pleaded guilty to the battery charge. She therefore admitted that she committed at least one of the crimes charged. In light of the fact that she admitted that she had committed the crime, the prosecutors acted properly in pursuing the prosecution. Again, Mitchell cannot challenge the validity of her conviction through a civil rights action unless she first gets the conviction invalidated in one of the manners discussed above. Heck, 512 U.S. at 486-87. She has not done so.

The state of Illinois also makes available a remedy to its citizens for wrongful prosecutions. Illinois citizens may file lawsuits in state court for malicious prosecution. This remedy gives people like Mitchell due process, and so, she cannot state a claim for denial of due process in this Court.

McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir. 2003).[6]  Beyond this, prosecutors, such as Noll and Schmidt, are immune from liability under the civil rights laws for the actions they take as prosecutors.  DeBoer v. Martin, 537 F.Supp. 1159, 1162 (N.D. Ill. 1982).  The claims against Noll and Mitchell are therefore dismissed.

D.   White and Pippen

White and Pippen were Staab's superiors.  Mitchell alleges that they are liable because they failed to supervise and train her, and because they failed to investigate Mitchell's complaints against Staab.  Civil rights claims can only be brought against the individuals who personally participated in the alleged civil rights violations.  E.g., Hildebrandt v. Illinois Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003).  Mitchell alleges that Staab personally participated in the violation of her rights when Staab used excessive force against Mitchell.  White and Pippen were not directly involved.  They were not at the scene.  They did not approve of the conduct or acquiesce in the conduct.  Mitchell therefore does not state a claim

---

[6]Mitchell cannot maintain a state law malicious prosecution claim because she was convicted.  Cult Awareness Network v. Church of Scientology Intern., 177 Ill.2d 267, 685 N.E.2d 1347, 1350 (1997).  Again, she must get her conviction invalidated by an appropriate state procedure before she can proceed with any action for damages.

11

against them based on the violation.

Mitchell also fails to state a due process claim based on her complaint that Pippen and White refused to investigate her complaints or take action against Staab. To state a claim for a violation of due process, the plaintiff must allege that: (1) the plaintiff has an identifiable liberty or property interest at stake, and (2) the government is denying the plaintiff the alleged interest without due process. See <u>Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1</u>, 143 F.3d 351, 355-58 (7th Cir. 1998). Mitchell does not allege a liberty or property interest in having the Secretary of State's Office investigate Staab. Absent the allegation of the existence of a protected liberty or property interest at stake, the refusal to investigate did not deny Mitchell due process. Mitchell fails to state a claim against Pippen or White.

THEREFORE, the Motion to Dismiss the Amended Complaint filed by Defendants Jim Copeland and Glenn Tuxhorn (d/e 52) is ALLOWED in part. The Court denies the request to dismiss the claims against Copeland and Tuxhorn based on the alleged false reports made to Plaintiff Mitchell's employer. The other claims against Copeland and Tuxhorn are dismissed. The Motion to Dismiss filed by Defendants Jesse White, Mike Pippen, Ellen

Staab, and Brice Hager (d/e 55) is ALLOWED in part.  The Court denies the request to dismiss the claims against Staab for use of excessive force and for the alleged false reports made to Plaintiff Mitchell's employer.  The other claims against Staab, and all of the claims against Defendants White, Pippen, and Hager are dismissed.  The Motion to Dismiss filed by Defendants John Schmidt and Gray Noll (d/e 66) is ALLOWED.  The claims against Defendants Schmidt and Noll are dismissed.  Defendants White, Pippen, Hager, Schmidt, and Noll are dismissed as parties from this case.  Defendant Staab is directed to answer the Amended Complaint by September 21, 2007.  Defendants Copeland and Tuxhorn have already answered the Amended Complaint.  <u>Answer to Amended Complaint (d/e 51)</u>.  The other Motions pending in this case (d/e 20, 25, 27, 28, 30 & 33) were filed before the filing of the Amended Complaint.  Those motions are DENIED because they were rendered moot due to the filing of the Amended Complaint.  <u>Local Rule </u>7.1(E).

IT IS THEREFORE SO ORDERED.

ENTER:   September 5, 2007

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE